UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81538-CV-ALTMAN
MAGISTRATE JUDGE REID

BRADLEY DORMAN,

      Plaintiff,

v.

PALM BEACH COUNTY, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

### I. Introduction

This matter is before the Court on Plaintiff's *pro se* Amended Complaint filed pursuant to 42 U.S.C. § 1983. [ECF No. 8]. This cause has been referred to the Undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF Nos. 2, 3].

Plaintiff, **Bradley Dorman**, is a prisoner currently incarcerated at Broward County Main Jail. Because Plaintiff is a prisoner and proceeding *in forma pauperis* [ECF No. 6], his Amended Complaint must be screened pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A. *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007), *cert. denied*, 552 U.S. 994 (2007).

In the Amended Complaint, Plaintiff seeks to sue: (1) Palm Beach County, (2) Palm Beach County Sheriff's Office, (3) the City of Lake Park, Florida, (4) Lake Park Police Department, and (5) his former landlord. [ECF No. 8, at 2-3]. Plaintiff alleges he was not given "proper due notice" during an eviction, in violation of Florida law and the Fourteenth Amendment to the U.S. Constitution. [*Id*. at 4]. Plaintiff seeks compensatory damages and punitive damages and alleges that he lost a television, two computers, a printer, a mattress, and a dresser, among other miscellaneous belongings. [*Id*. at 6].

Upon review, Plaintiff's Amended Complaint is frivolous and fails to state a claim. Accordingly, the Undersigned **RECOMMENDS** that the Amended Complaint [ECF No. 8] be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. Discussion

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Under both 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A, a complaint must be dismissed if the court determines that the complaint fails to state a claim upon which relief can be granted. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018). When reviewing the complaint, the court takes the allegations made as true. *See Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

2

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B)(ii). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, the Court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright*, 740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)). Under 28 U.S.C. § 1915(e)(2)(B)(ii), courts must dismiss as frivolous claims that are "based on indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001).

Plaintiff seeks damages to compensate him for property he lost as a result of the eviction. [ECF No. 8, at 5-6]. As pleaded, Plaintiff's Amended Complaint only contains a conclusory allegation that his 14th Amendment rights were violated, with absolutely no factual support whatsoever. [*Id*.].

There are several deficiencies with Plaintiff's Amended Complaint. First, Plaintiff fails to adhere to Fed. R. Civ. P. 8 because it is a shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir.

3

2015) (citations omitted). Plaintiff has already been specifically instructed on this, in fact, he was ordered by the Court to amend his original Complaint for this exact reason. [ECF No. 7].

Just as in his first Complaint, in his Amended Complaint, Plaintiff does not separate into different counts each cause of action or claim for relief, and he appears to assert multiple claims against multiple Defendants without specifying which Defendant is responsible for each act or which Defendant each cause of action is brought against. Rather, Plaintiff's allegations are wholly general and make only passing reference to Defendants. When plaintiffs fail to set forth a legally sufficient claim for relief, either because the complaint lacks sufficient factual support or because the complaint fails to comport with the rules, its usefulness is substantially diminished. The Court does not act as researcher or investigator on a plaintiff's behalf. *See Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011).

This is a prototypical shotgun pleading that fails to state a claim upon which relief can be granted. *See Weiland*, 792 F.3d at 1321-23. The Court must hold the allegations of a *pro se* civil rights complaint to a less stringent standard than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Notwithstanding the leniency afforded to *pro se* litigants, it does not permit them to file an impermissible "shotgun" pleading.

4

Further, Plaintiff's Amended Complaint simply contains no facts. It is impossible to analyze Plaintiff's claims without the factual circumstances surrounding his alleged constitutional claim. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, at 550 U.S. at 555.).

Plaintiff has already been given leave to amend his claims in this case and when doing so, the Undersigned warned Plaintiff that this chance would be his final opportunity to amend. [ECF No. 7]. Rather than conform his pleadings to the rules, Plaintiff has again filed a shotgun pleading containing no factual support for his claims. His pleading fails to provide proper notice to the parties and to the Court of his claims and fails to establish that the Defendants are "liable for the alleged misconduct." *Wright*, 740 F. App'x at 694 (citing *Waldman*, 871 F.3d at 1289).

### III.    Recommendations

Based on the above, it is **RECOMMENDED** that Plaintiff's Amended Complaint [ECF No. 8] be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn,* 474 U.S. 140, 149 (1985).

**SIGNED** this 4th day of March, 2020.

UNITED STATES MAGISTRATE JUDGE

cc:  **Bradley Dorman**
531510774
Broward County Main Jail
Inmate Mail/Parcels
Post Office Box 9356
Fort Lauderdale, FL 33310
*PRO SE*

6