UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-81538-CIV-ALTMAN/Reid

**BRADLEY DORMAN**,

    *Plaintiff*,

v.

**PALM BEACH COUNTY**, *et al.*,

    *Defendants*.

_____/

## ORDER

The Plaintiff, Bradley Dorman ("Dorman"), filed this action *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. In his Amended Complaint [ECF No. 8], Dorman alleges that the Defendants—Palm Beach County, the Palm Beach County Sheriff's Office, the City of Lake Park, and Linda Hoffman, his former landlord—violated his constitutional rights by evicting him without proper notice.

United States Magistrate Judge Lisette M. Reid issued a Report and Recommendation [ECF No. 9] (the "R&R"), in which she concluded that Dorman's Amended Complaint is a shotgun pleading that fails to state a plausible claim for relief.[1] Judge Reid thus recommended that the Court dismiss this case. Dorman timely objected [ECF No. 11] (the "Objection"). For the reasons set out below, the Court now **ADOPTS** the R&R and **DISMISSES** Dorman's Amended Complaint **without prejudice**.[2]

---

[1] Because Dorman is a prisoner proceeding *in forma pauperis*, Judge Reid screened the complaint under 28 U.S.C. §§ 1915(e)(2)(b), 1915A.

[2] The Court has reviewed Dorman's Amended Complaint *de novo*.

## ANALYSIS

### A. Shotgun Pleadings

Dorman's Amended Complaint is a shotgun pleading. To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Federal Rules also require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

As the Eleventh Circuit has explained, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*See Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019).

All shotgun pleadings share two characteristics in common: *First*, they "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). *Second*, they "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotation marks omitted).

Dorman's entire complaint consists (essentially) of two sentences. The first reads: "All defendants acted not in accordance to Florida statute 83.05, 83.14, and 83.20 when proper due notice was not given during eviction." Am. Compl. at 4. The second avers: "Landlord evicted premise and plaintiff lost possession[s] in said property [without] proper due notice in accordance with Florida statute 83.05 and U.S. Constitutional Amendment 14." *Id.* at 5–6. These allegations are, for several reasons, inadequate.

2

*First*, the Amended Complaint is "vague" and "conclusory." *Embree*, 779 F. App'x at 662. While Dorman claims that the Defendants failed to provide "proper due notice," he does not say what "proper due notice" means. Did the Defendants provide deficient notice? Untimely notice? No notice at all? Dorman does not say. Nor does Dorman give the Defendants even the slightest hint as to who did what and when or why or how. By way of example, Dorman does not explain who evicted him from the property, what interest (if any) he had in the property, why he was evicted from the property, or whether he even lived at the property at all. And, while Dorman alludes obliquely to several provisions of Florida law that generally set out a landlord's rights when a tenant defaults, Dorman does not explain how these provisions are implicated here. Given these deficiencies, Dorman's complaint is so "vague and ambiguous" as to leave the Defendants in the position of having to "guess as to . . . the facts upon which [Dorman] rel[ies] in support" of his claim. *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018); *see also Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010) (affirming the district court's dismissal of a complaint when the allegations were "vague and ambiguous—leaving the reader to guess at precisely what the plaintiff [is] claiming").

*Second*, compounding the issue, Dorman does not even begin to explain how three of the four defendants—Palm Beach County, the Palm Beach County Sheriff's Office, or the City of Lake Park—have anything to do with this case. Initially, Dorman alleges that "[a]ll" Defendants evicted him without proper notice. *See* Am. Compl. at 4. But, later, Dorman avers only that his landlord evicted him without proper notice. *See id.* at 6. In any event, in his only allegation against the municipal Defendants, Dorman groups them together—along with his landlord—and treats them all as one, thereby launching "claims against multiple defendants without specifying which defendant is responsible for which act." *Embree*, 779 F. App'x at 662. This he plainly may not do. *See, e.g.*, *Auto. Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 732

(11th Cir. 2020) (noting that "group allegations . . . constitute shotgun pleading because they fail to give any defendant fair notice of the allegations against it").

To be sure, Dorman's Amended Complaint may not be the "paradigmatic" shotgun pleading, consisting of sprawling pages of endless, loosely-related allegations. *See, e.g.*, *Vibe Micro*, 878 F.3d at 1293–94 (dismissing a 70-page complaint that was replete with "duplicative," "wholly conclusory," and "mostly incoherent" allegations). Nonetheless, his complaint presents the very problems the shotgun pleading doctrine is intended to avoid: *First*, by making a single accusation against all Defendants—without any detail about what any individual Defendant did—the Amended Complaint fails to give the Defendants "adequate notice of the claims against them." *Weiland*, 792 F.3d at 1323.  *Second*, because Dorman failed to provide even the most basic factual development, the Court is left to speculate as to whether Dorman might—someday—have a legitimate claim. And forcing the Court to divine what happened—or what rights Dorman might have—is precisely the kind of drain on "judicial resources" that the "shotgun pleading" doctrine means to forestall. *See Vibe Micro*, 878 F.3d at 1295.

### B.  The Complaint Fails To State a Claim

The Amended Complaint also fails to state a plausible claim on which relief can be granted. Because Dorman is proceeding *in forma pauperis*, this Court "must dismiss [the] case . . . if the [C]ourt determines that the complaint fails to state a claim on which relief may be granted." *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) (citing 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(ii)). To state a viable claim, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a plaintiff need not set out "detailed factual allegations," a complaint will not suffice if it "tenders naked assertions devoid of further factual enhancement." *Id.* (internal alterations and quotation marks

omitted). Under these standards, Dorman's Amended Complaint—which lacks *any* factual averments—is plainly deficient as to each of the Defendants.[3]

To begin with, Dorman fails to state a claim against the municipal Defendants: Palm Beach County, the Palm Beach County Sheriff's Office, and the City of Lake Park. When, as here, a plaintiff seeks to recover from a municipal entity—such as a city, county, or sheriff's office—the plaintiff must show that his injury was caused by an official "policy or custom." *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). His failure to do so is dispositive. In *Grider v. Cook*, for example, the Eleventh Circuit affirmed the dismissal of a plaintiff's claim against Broward County and the Broward County Sheriff's Office because—although the plaintiff *did* allege that the "defendants' conduct was the product of an official policy or unofficial custom"— he *did not* "provide any specific facts about any policy or custom that resulted in his alleged constitutional deprivation." *See Grider v. Cook*, 522 F. App'x 544, 547–48 (11th Cir. 2013).

Dorman does not even *allege* that his claimed constitutional deprivation resulted from any policy or custom. And he certainly provides no "specific facts" to suggest that his alleged deprivation of "proper due notice" resulted from an official policy or custom of either Palm Beach County, the Palm Beach County Sheriff's Office, or the City of Lake Park. Instead, Dorman's Amended Complaint reads as a wrongful eviction suit turned constitutional challenge. For these reasons, Dorman fails to state a plausible claim under § 1983 against the three municipal Defendants. *See, e.g.*, *Gurrera v. Palm Beach Cty. Sheriff's Office*, 657 F. App'x 886, 893 (11th Cir. 2016) (affirming the dismissal of a claim against the Palm Beach County Sheriff's Office when the plaintiff "fail[ed] to allege a custom or policy that would justify liability under *Monell*").

And Dorman's claim against the only remaining defendant—his landlord—fares no better. In general, "[p]rivate conduct is not actionable under § 1983; rather, to state a claim for relief, the

---

[3] The following are by way of example only and are not intended as an exhaustive list of the Amended Complaint's deficiencies.

5

alleged deprivation of a constitutional right must occur 'under color of state law.'" *Shell v. Foulkes*, 362 F. App'x 23, 27 (11th Cir. 2010). In certain circumstances, however, courts will attribute the actions of private individuals to the state. The Eleventh Circuit has identified three tests to help lower courts determine when private conduct should be so attributed—the public function test, the state compulsion test, and the nexus/joint action test:

> The **public function test** is satisfied when private actors perform a function that is traditionally the exclusive prerogative of the state. The **state compulsion test** is met when the government has coerced or at least significantly encouraged the acts alleged to be unconstitutional. The **nexus/joint action test** is met when the state and the private party are in such a position of interdependence that the alleged conduct constitutes a joint action.

*See Martinez v. Ashtin Leasing, Inc.*, 417 F. App'x 883, 885 (11th Cir. 2011) (emphasis added).

These tests do not help Dorman here: Property rental is not a function traditionally within the exclusive purview of the state; Dorman has not suggested that the government forced—or otherwise encouraged—his landlord to evict him; and there is no evidence of any connection between his landlord and the state.[4] *See Clark v. Dalland Properties, LP*, 2013 WL 12304826, at *2 (S.D. Fla. Oct. 22, 2013) (applying the three tests and finding no state action in § 1983 complaint by tenant against private landlord).

In *Shell v. Foulkes*, as here, a tenant sued his landlord, alleging that the landlord "had wrongfully terminated his lease . . . and then evicted him." 362 F. App'x at 27. On appeal, the Eleventh Circuit held that the tenant failed to state a viable claim under § 1983, because the "complaint did not allege that the [government] played any role in the termination of [the tenant's]

---

[4] In his claim for relief, Dorman says: "Actual damages for private party in symbiotic relationship with stat[e] actors." Am Compl. at 6. It is not clear what Dorman intended to communicate here. But, even if this sentence alleged that his landlord was in a "symbiotic relationship" with state actors, it would *still* fail to state a claim because legal conclusions "masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

lease or [the tenant's] eviction, much less a pervasive role such that it could be said the State was responsible for [the tenant's] eviction." *Id.* This was so, the court said, *even though* the tenant in *Shell* was a resident of Section 8 public-subsidized housing. *Id.* Dorman has not indicated even *that* much. Because the Amended Complaint alleges no state action, it states no claim under § 1983.

\*\*\*

After Dorman filed his initial complaint, Judge Reid entered an order that detailed its deficiencies and warned the Plaintiff as follows: the "Plaintiff should be given leave to file a **final** Amended Complaint . . . , before it is dismissed, so he may attempt to cure the deficiencies, if possible." *See* [ECF No. 7] at 2. While this Court is mindful that "[*p*]*ro se* pleadings generally are held to less stringent standards than counseled briefs," *Smith v. Fla. Dep't of Corr.*, 318 F. App'x 726, 727 (11th Cir. 2008), Dorman's Amended Complaint is woefully deficient and wholly fails to correct the deficiencies Judge Reid identified. *See Wright v. Miranda*, 740 F. App'x 692, 694 (11th Cir. 2018) ("A pro se pleading is liberally construed, but it still must suggest that there is some factual support for a claim."). Dismissal is therefore appropriate.[5]

For the foregoing reasons, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 9] is **ADOPTED**, and the Amended Complaint [ECF No. 8] is **DISMISSED without prejudice**.

---

[5] *See, e.g.*, *Quinlan v. Pers. Transp. Servs. Co.*, 329 F. App'x 246, 249–50 (11th Cir. 2009) ("[W]e never have stated that a district court *sua sponte* must allow a plaintiff an opportunity to amend where it dismisses a complaint without prejudice."); *Smith*, 318 F. App'x at 729 (rejecting *pro se* prisoner's argument that he should have been given leave to amend, because "he had notice that the district court would likely dismiss [his claims] without prejudice . . . when the magistrate judge recommended precisely that, [yet] he did not attempt to amend his complaint"); *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) ("[T]he court dismissed this particular claim without prejudice . . . thereby neutralizing one of our concerns regarding *sua sponte* dismissals.").

2. The Clerk of Court is directed to **CLOSE** this case. All deadlines and hearings are **TERMINATED**, and any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 30th day of April 2020.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:
Bradley Dorman, *pro se*
Counsel of record